ACCEPTED
13-14-00418-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/19/2015 9:28:16 AM
DORIAN RAMIREZ
CLERK

NO. 13-14-00418-CV
IN THE
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/19/2015 9:28:16 AM
DORIAN E. RAMIREZ
Clerk

BRET JOHNSTON, INDIVIDUALLY
AND AS THE PERSONAL
REPRESENTATIVE OF THE ESTATE
OF KAREN JOHNSTON,                                          Appellants

vs.

CHRISTUS SPOHN HEALTH
SYSTEM CORPORATION D/B/A
CHRISTUS SPOHN HOSPITAL
BEEVILLE,                                                        Appellee

Appealed from the 36th District Court
Bee County, Texas
Cause No. B-11-1434-CV-A-1
Honorable Starr Bauer, Presiding Judge

OPENING BRIEF OF APPELLANTS,
BRET JOHNSTON, INDIVIDUALLY
AND AS THE PERSONAL REPRESENTATIVE
OF THE ESTATE OF KAREN JOHNSTON

Norman R. Ladd
Texas State Bar No. 24041285
Kevin G. Giddens
Texas State Bar No. 24076877
235 South Broadway, Suite 200
Tyler, Texas 75702
(903) 705-7211
(903) 705-7221 (FAX)
ATTORNEYS FOR APPELLANTS

ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

THE FOLLOWING IS A LIST OF ALL PARTIES TO THE TRIAL COURT'S ORDER APPEALED FROM, AND THE NAME AND ADDRESSES OF ALL TRIAL AND APPELLATE COUNSEL:

1. APPELLANTS-PLAINTIFFS ARE BRET JOHNSTON, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE KAREN JOHNSTON.

2. TRIAL AND APPELLATE COUNSEL FOR APPELLANTS-PLAINTIFFS BRET JOHNSTON, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE KAREN JOHNSTON IS LADD & THIGPEN, PC, NORMAN R. LADD, III, AND KEVIN GIDDENS, 235 S. BROADWAY, SUITE 200, TYLER, TEXAS 75702.

3. APPELLEE-DEFENDANT IS CHRISTUS SPOHN SYSTEM CORPORATION D/B/A CHRISTUS SPOHN HOSPITAL BEEVILLE.

4. TRIAL AND APPELLATE COUNSEL FOR APPELLEE-DEFENDANT IS NAMAN, HOWELL, SMITH & LEE, PLLC, RICHARD A. MCNITZKY, 10001 REUNION PLACE, SUITE 600, SAN ANTONIO, TEXAS 78216.

# TABLE OF CONTENTS

                                                                                    PAGE

IDENTITY OF PARTIES AND COUNSEL.................................................................... ii

TABLE OF CONTENTS........................................................................................... iii

INDEX OF AUTHORITIES ........................................................................................v

STATEMENT OF THE CASE.....................................................................................1

ISSUES PRESENTED ...............................................................................................3

STATEMENT OF FACTS..........................................................................................4

SUMMARY OF THE ARGUMENT ...........................................................................5

ARGUMENT .............................................................................................................6

I. Standard of Review ...............................................................................................6

II. ISSUE NO. 1      Whether the Trial Court Abused its Discretion in Granting Appellee's No-Evidence Motion for Summary Judgment. ........................................................6

SUB-ISSUE NO. 1  Whether Appellant presented a scintilla of evidence as to Appellee's negligent credentialing. ..................................................................................6

   A.      The Trial Court abused its discretion in finding that Appellant presented no evidence as to Appellee acting with malice during the credentialing of Dr. Dirkson and Dr. Zamora. ...........................................................................................6

SUB-ISSUE NO. 2  Whether Appellant presented a scintilla of evidence as to Appellee being responsible under Respondeat Superior. .........................................................9

A. The Trial Court did abuse its discretion in finding that Appellant presented no evidence as to an ostensible agency between Hospital and Dr. Dirkson and Dr. Zamora. ...................................................................................................9

III. ISSUE NO. 2 Whether the Trial Court Abused its Discretion in Granting Appellee's Objection to Appellant's Summary Judgment Evidence. ................................11

SUB-ISSUE NO. 1 Whether Appellant presented competent summary judgment evidence. ........11

A. The Trial Court abused its discretion in excluding Dr. Rushing's Deposition. .......11

CONCLUSION ........................................................................................................12

PRAYER .................................................................................................................13

CERTIFICATE OF SERVICE .................................................................................14

CERTIFICATE OF COMPLIANCE ........................................................................15

MAY 14, 2014, ORDER.................................................................................Appendix 1

iv

# INDEX OF AUTHORITIES

PAGE

**Cases**

*Dangerfield v. Ormsby,*

 264 S.W.3d 904, 912 (Tex.App.—Fort Worth 2008, no pet.) ........................... 7

*Exxon Pipeline Co. v. Zwahr,* 88 S.W.3d 623-29 (Tex.2002) ......................................... 12

*Garland Cmty. Hosp. v. Rose,* 156 S.W.3d 541, 545-46 (Tex.2004) ........................... 7, 12

*Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex.2006) ...................................... 6

*Reed Tool Co. v. Copelin,* 689 S.W.2d 404, 406 (Tex.1985) .......................................... 7

*Renaissance Healthcare Sys., Inc. v. Swan,*

 343 S.W.3d 571, 583 (Tex.App.—Beaumont 2011, no pet.) ........................... 9

*Romero v. KPH Consol., Inc.,* 166 S.W.3d 212, 214 (Tex. 2005) ................................... 7

*Tenet Health Ltd. v. Zamora,*

 13 S.W.3d 464, 472 (Tex. App.—Corpus Christi 2000, pet. dism'd w.o.j.) ...... 9

Tex. Civ. Prac. & Rem. Code § 41.001 .......................................................................... 7

## STATEMENT OF THE CASE[1]

This is an appeal of a no-evidence summary judgment in a health care liability claim. Appellants Bret Johnston, Individually and as the Personal Representative of The Estate of Karen Johnston, ("JOHNSTON") filed suit against Appellee Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital Beeville ("HOSPITAL"). 1 CR 1-2. Factually, Karen Johnston was a patient in the HOSPTIAL emergency room September 15 and 18, 2009. 1 CR 1. On the first emergency room visit, Mrs. Johnston was examined by Dr. Kenzer Dirkson. *Id.* On a second visit to the emergency room, Mrs. Johnston was examined by Dr. Jose Zamora. *Id.* Ultimately, Mrs. Johnston died on September 22, 2009. 1 CR 2.

JOHNSTON asserts a direct liability claim against HOSPITAL that it was negligent in the hiring, supervision, retention, and control of emergency room physicians Dirkson and Zamora ("negligent credentialing"). 1 CR 2. Additionally, JOHNSTON asserts that physicians Dirkson and Zamora were agents, employees, or servants of HOSPITAL such that HOSPITAL should be held vicariously liable for these physicians' actions. 1 CR 2.

---

[1] "__ CR __" refers to the volume and page of the Clerk's Record. "1 CR __" refers to the Original Clerks Record, "2 CR __" refers to the Supplemental Clerk's Record, and "3 CR __" refers to the Corrected Second Supplemental Clerk's Record. "__ RR __" refers to the volume and page of the transcribed hearing in the Reporter's Record.

1

On March 26, 2014, HOSPITAL filed a no-evidence summary judgment against JOHNSTON. On April 28, 2014, JOHNSTON filed a timely response to HOSPITAL'S no-evidence summary judgment. 3 CR 17.

On May 7, 2014, the 36th Judicial District Court granted HOSPITAL'S no-evidence summary judgment against JOHNSTON. On May 14, 2014, the 36th Judicial District Court signed the order granting HOSPITAL'S no-evidence summary judgment against JOHNSTON. 1 CR 128-129. This order also excluded the deposition of Lige B. Rushing, Jr., M.D., M.S., P.A. 1 CR 128.

On May 8, 2014, JOHNSTON filed their motion for reconsideration. 1 CR 77-116. On June 12, 2014, the 36th Judicial District Court held a telephonic hearing on JOHNSTON'S motion for reconsideration. 1 RR 1. On July 16, 2014, the 36th Judicial District Court denied JOHNSTON'S motion for reconsideration. 1 CR 126-27.

On July 11, 2014, JOHNSTON timely perfected this appeal. 1 CR 115-17. On November 24, 2014, JOHNSTON filed their First Amended Notice of Appeal clarifying the cause number after HOSPITAL'S Motion for Severance was signed on July 21, 2014. 2 CR 1-3, 1 CR 121.

## ISSUES PRESENTED

Did the trial court err in granting Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital Beeville's No-Evidence Motion for Summary Judgment?

- Did the trial court err in concluding that Bret Johnston, Individually and as the Personal Representative of The Estate of Karen Johnston, presented no evidence in response to the no-evidence summary judgment?

- Did the trial court err in excluding the deposition of Lige B. Rushing, Jr., M.D., M.S., P.A.?

## STATEMENT OF FACTS

### I.  Mrs. Johnston is Treated by Hospital Emergency Room

On September 15, 2009, Karen Johnston, an immune-suppressed patient, presented herself to Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital Beeville's ("HOSPITAL") emergency room and was examined by Defendant Dr. Kenzer Dirkson.  1 CR 1.  Mrs. Johnston exhibited signs of a developing infection, but no chest x-ray or blood count was ordered.  *Id.*

On September 18, 2009, Mrs. Johnston presented herself again to HOSPITAL'S emergency room and was examined by Defendant Dr. Jose Zamora. *Id.*  Mrs. Johnston again exhibited signs of a developing infection, confirmed by the chest x-ray and blood count.  3 CR 6.  Yet, Defendant Zamora failed to admit Mrs. Johnston.  3 CR 6.  Mrs. Johnston died on September 22, 2009, of bacterial pneumonia.  3 CR 7.

### II.  Johnston File a Health Care Liability Claim against Hospital

Appellants Bret Johnston, Individually and as the Personal Representative of The Estate of Karen Johnston, ("JOHNSTON") filed this suit on September 19, 2011, alleging negligence against HOSPITAL through respondeat superior that HOSPITAL is liable for the actions of Defendants Dirkson and Zamora and negligent hiring, supervision, retention and control of Defendants Dirkson and

4

Zamora. 1 CR 2. Additionally, JOHNSTON asserts that physicians Dirkson and Zamora were agents, employees, or servants of HOSPITAL such that HOSPITAL should be held vicariously liable for these physicians' actions. *Id.*

## SUMMARY OF THE ARGUMENT

The trial court's May 14, 2014, order granting HOSPITAL's no-evidence summary judgment should be reversed. JOHNSTON presented evidence of negligent credentialing. There is no dispute that evidence was presented of extremely low care provided by two (2) emergency room doctors on two (2) difference occasions. Both doctors completely misdiagnosed Karen Johnston despite clear indicators of pneumonia. Furthermore, it is undisputed that one (1) doctor, Dr. Jose Zamora, had been previously involved in numerous lawsuits involving patient care.

JOHNSTON also presented evidence that HOSPITAL is responsible under respondeat superior. Based on the testimony and belief of JOHNSTON, there is a question of fact as to whether the emergency room doctors could be considered agents of HOSPITAL.

The trial court also excluded the deposition of Lige B. Rushing, Jr., M.D., M.S., P.A., despite his testimony being both relevant and reliable.

The trial court's May 14, 2014, order should be reversed.

5

# ARGUMENT

## I.    Standard of Review

The court reviews a no-evidence summary judgment by reviewing the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006).

## II. ISSUE NO. 1    Whether the Trial Court Abused its Discretion in Granting Appellee's No-Evidence Motion for Summary Judgment.

## SUB-ISSUE NO. 1 Whether Appellant presented a scintilla of evidence as to Appellee's negligent credentialing.

### A. The Trial Court abused its discretion in finding that Appellant presented no evidence as to Appellee acting with malice during the credentialing of Dr. Dirkson and Dr. Zamora.

An employer is liable for negligent hiring, supervision, or retention when proof is presented the employer hired an incompetent or unfit employee whom it knew or, by the exercise of reasonable care, should have known was incompetent or unfit, thereby creating an unreasonable risk of harm to others. *See Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex.App.–Fort Worth 2008, no pet.).

6

A finding of negligent credentialing also requires evidence of the defendant acting with malice. _Romero v. KPH Consol., Inc.,_ 166 S.W.3d 212, 214 (Tex. 2005). Malice is defined as "a specific intent by the defendant to cause substantial injury or harm to claimant." Tex. Civ. Prac. & Rem. Code § 41.001. Specific intent means that the actor desires to cause the consequences of his act, or that he believes the consequences are substantially certain to result from it. _Reed Tool Co. v. Copelin,_ 689 S.W.2d 404, 406 (Tex.1985).

**Both Doctors' Consistent Misdiagnoses Questions Hospital's Credentialing**

Negligent credentialing cannot exist without questioning the health care rendered to patients. _Garland Cmty. Hosp. v. Rose,_ 156 S.W.3d 541, 545-46 (Tex.2004). Thus it is necessary to review the level of care provided in a health care case. _Id._

On two (2) separate occasions, both Dr. Kenzer Dirkson and Dr. Jose Zamora failed to properly execute tests indicating Karen Johnston's underlying pneumonia. Evidence was presented by Appellant through deposition testimony of Lige B. Rushing, Jr., M.D., M.S., P.A., that since Mrs. Johnston was immunosuppressed Dr. Dirkson should have performed a chest x-ray and blood count on September 15, 2009. 3 CR 52. No such tests were performed by Dr. Dirkson. _Id._

Furthermore, deposition testimony of Dr. Rushing was presented by Appellant that Dr. Zamora improperly interpreted or failed to read the tests performed on September 18, 2009. 3 CR 45, 47. The radiology report presented indicates "diffuse predominantly interstitial process bilaterally consistent with extensive pneumonitis." 3 CR 109. Dr. Zamora testified that he is not familiar with the term "pneumonitis." 3 CR 140.

Dr. Rushing further testified that Dr. Zamora's decision to not admit Mrs. Johnston to the hospital ultimately allowed the pneumonia to spread. 3 CR 47. Overall, concern regarding HOSPITAL'S credentialing is raised when two (2) doctors both misdiagnose an immunosuppressed patient symptomatic for pneumonia on two (2) different occasions. The range of below standard care included no simple tests ordered by Dr. Dirkson and a complete misreading of a clear radiology report by Dr. Zamora.

**Dr. Zamora's Admitted History Questions Hospital's Credentialing**

In reviewing the credentialing process of a hospital, a claimant may refer to the treating physician's history of disciplinary issues. *See Renaissance Healthcare Sys., Inc. v. Swan*, 343 S.W.3d 571, 583 (Tex.App.—Beaumont 2011, no pet.).

JOHNSTON presented evidence of Dr. Zamora's disciplinary issues prior to being credentialed for privileges by HOSPITAL. Dr. Zamora also testified that prior

8

to being credentialed for privileges by HOSPITAL he had five (5) lawsuits with at least three (3) resulting in monetary settlement. 3 CR 128-30. Dr. Zamora testified that these violations of patient care were reported to the National Practitioner Data Bank. 3 CR 130. Congress established the National Practitioner Data Bank for the purpose of improving the quality of medical care by encouraging physicians to identify and discipline other physicians who are incompetent or who engage in unprofessional behavior. _Tenet Health Ltd. v. Zamora_, 13 S.W.3d 464, 472 (Tex. App.–Corpus Christi 2000, pet. dism'd w.o.j.).

HOSPITAL knew or should have known the incidents reported to the National Practitioner Data Bank. Deposition testimony of Barbara Dake, HOSPITAL'S Direct or Medical Staff Services, was presented that HOSPITAL runs the National Practitioner Databank for all physicians applying for credentialing. 3 CR 207.

As a whole, evidence was presented that HOSPITAL knew or should have known that consequences such as the misdiagnosis and mistreatment of Mrs. Johnston would happen base on Dr. Zamora's patient care history.

**SUB-ISSUE NO. 2 Whether Appellant presented a scintilla of evidence as to Appellee being responsible under Respondeat Superior.**

**A. The Trial Court did abuse its discretion in finding that Appellant presented no evidence as to an ostensible agency between Hospital and Dr. Dirkson and Dr. Zamora.**

9

A Plaintiff's claim for a hospital's liability for an independent contractor's medical malpractice based on ostensible agency must show: 1) Plaintiff had a reasonable belief that the physician was the agent or employee of the hospital; 2) Plaintiff's belief was generated by the hospital affirmatively holding out the physician as its agent or employee or knowingly permitting the physician to hold himself out as the hospital's agent or employee; and 3) Plaintiff justifiably relied on the representation of authority. *See Baptist Memorial Hos. Sys., 969 S.W.2d 945, 949* (Tex. 1998).

**Appellant Reasonably Believed Emergency Room Doctors were Agents**

Bret Johnston testified that he was under the impression that HOSPITAL'S emergency room physicians were not independent contractors. Mr. Johnston testified that he had never read any statement that HOSPITAL physicians were independent contracts. 3 CR 250. Furthermore, it was reasonable for Mr. Johnston to assume that physicians that appeared to have the ability to order x-rays and admit patients were employees or agents of HOSPITAL. Thus, reviewing the evidence in the best light to JOHNSTON, there is a scintilla of evidence that the emergency room physicians were agents of HOSPITAL.

**Hospital Exercised Control over Emergency Doctors**

10

Doctor Zamora also testified that HOSPITAL had the right to control the means, methods, and details of his work because HOSPITAL limited his treatment plan and options by not allowing him to admit patients without approval. Defendant Zamora testifies that his emergency room credentialing did not include the ability to admit patients, as he would need another physician to authorize admittance on behalf of HOSPITAL. 3 CR 122. This information was never disclosed to JOHNSTON, showing a lack of discernable independent contractor status.

### III. ISSUE NO. 2 Whether the Trial Court Abused its Discretion in Granting Appellee's Objection to Appellant's Summary Judgment Evidence.

### SUB-ISSUE NO. 1 Whether Appellant presented competent summary judgment evidence.

#### A. The Trial Court abused its discretion in excluding Dr. Rushing's Deposition.

The order signed by the trial court excludes the deposition testimony of Lige B. Rushing, Jr., M.D., M.S., P.A. 1 CR 128. Appellee argued that Dr. Rushing's testimony is not relevant or reliable. 1 CR 27. For an expert's testimony to be admissible under Texas Rule of Evidence 702, the expert must be qualified, and the expert's opinion must be relevant to the issues in the case and based upon a reliable foundation. _Exxon Pipeline Co. v. Zwahr_, 88 S.W.3d 623-29 (Tex.2002).

11

As discussed above, the actual health care given must be reviewed in a negligent credentialing case. _Rose_, 156 S.W.3d at 546. Dr. Rushing testifies as to the extremely low standard of care provided by both Dr. Dirkson and Dr. Zamora. 3 CR 52, 45, 47. The deposition of Dr. Rushing is highly relevant against HOSPITAL because it specifically outlines the underlying poor health care provided by two (2) doctors credentialed by HOSPITAL. Thus the trial court abused its discretion by excluding the deposition of Dr. Rushing from JOHNSTON'S response to HOSPITAL'S no-evidence summary judgment.

## CONCLUSION

JOHNSTON presented a scintilla of evidence in response to Appellee's no-evidence summary judgment on issues of negligent credentialing and respondent superior. A scintilla of evidence was presented for negligent credentialing through the admitted previous malpractice of Dr. Zamora, the testimony of Barbara Dake showing that Appellee reviews such reports, and the astonishingly poor care provided by two (2) emergency room physicians on two (2) occasions. A scintilla of evidence was presented for respondeat superior through the testimony of Bret Johnston and his understanding of the role of emergency room doctors working at Appellee. Furthermore, the trial court abused its discretion in excluding the deposition of Dr. Rushing from Appellant's summary judgment evidence.

12

## PRAYER

For these reasons, Appellants, Bret Johnston, Individually and as the Personal Representative of The Estate of Karen Johnston, respectfully request that this Court: (1) reverse the trial court's May 14, 2014, order granting Appellee Christus Spohn Health System Corporation D/B/A Christus Spohn Hospital Beeville's no-evidence summary judgment. Appellants, Bret Johnston, Individually and as the Personal Representative of The Estate of Karen Johnston, further respectfully request that this Court grant Appellants any and all other relief to which they may be entitled.

*Signature on Next Page*

Respectfully submitted,

**LADD & THIGPEN, P.C.**

Norman R. Ladd
Texas State Bar No. 24041285
Kevin G. Giddens
Texas State Bar No. 24076877
235 South Broadway, Suite 200
Tyler, Texas 75702
(903) 705-7211
(903) 705-7221 (FAX)

**ATTORNEYS FOR APPELLANTS**

13

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of February, 2015, a true and correct copy of the foregoing, *First Amended Brief of Appellants*, was duly served via the following:

| | | |
|---|---|---|
| **Mr. Richard A. McNitzky**<br>HOWELL, SMITH & LEE, PLLC<br>10001 REUNION PLACE<br>SUITE 600<br>(210) 731-6339<br>(210) 785-2911 (Fax)<br><br>*Counsel for CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Beeville* | ☐<br><br>☐<br><br>☐<br><br>☐<br><br>☐<br><br>☒ | Messenger<br><br>Facsimile<br><br>Certified Mail – RRR<br><br>First Class Mail<br><br>Via Overnight<br><br>Via E-Service |

Kevin G. Giddens

14

## CERTIFICATE OF COMPLIANCE

Appellees, Bret Johnston, Individually and as the Personal Representative of The Estate of Karen Johnston, state that there are 3,168 words contained in Appellant's Brief. In determining the word count, counsel for Appellants relies on the word count stated on the bottom ruler in his Microsoft Word document.

Respectfully submitted,

LADD & THIGPEN, P.C.

Norman R. Ladd
Texas State Bar No. 24041285
Kevin G. Giddens
Texas State Bar No. 24076877
235 South Broadway, Suite 200
Tyler, Texas 75702
(903) 705-7211
(903) 705-7221 (FAX)

**ATTORNEYS FOR APPELLANTS**

MAY 14, 2014, ORDER

Appendix 1

Cause No. B-11-1434-CV-A

| | | |
|---|---|---|
| BRET JOHNSTON and The | § | IN THE DISTRICT COURT |
| Estate of KAREN JOHNSTON | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | OF BEE COUNTY, TEXAS |
| | § | |
| JOSE L. ZAMORA, M.D., | § | |
| KENZER DIRKSON, M.D., | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION d/b/a CHRISTUS SPOHN | § | |
| HOSPITAL BEEVILLE and | § | |
| BEEVILLE ANGEL CARE AMBULANCE | § | |
| SERVICE, INC. | § | |
| Defendants | § | 36TH JUDICIAL DISTRICT |

## ORDER ON DEFENDANT CHRISTUS SPOHN HEALTH SYSTEM CORPORATION D/B/A CHRISTUS SPOHN HOSPITAL BEEVILLE'S OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE AND SUMMARY JUDGMENT

On the _14th_ day of _May_, 2014, came on for consideration Defendant CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Beeville's No Evidence Motion for Summary Judgment, and prior to consideration of the Motion for Summary Judgment, the Court took under consideration Defendant's Objections to Plaintiffs' Summary Judgment Evidence. The Court, after reviewing said objections to Plaintiffs' Summary Judgment Evidence, is of the following opinion:

Ex. A – Ruling by Appellate Court – Defendant's objections are SUSTAINED/OVERRULED;

Ex. B – Dr. Rushing's Supplemental Report – Defendant's objections are SUSTAINED/OVERRULED;

Ex. C – Deposition Testimony of Lige B. Rushing, Jr., M.D. – Defendant's objections are SUSTAINED/OVERRULED; and

{02816224.DOCX / }

Ex. H — Texas Medical Board History of Defendant Zamora — Defendant's objections are SUSTAINED/OVERRULED.

It is, therefore, ORDERED, that the summary judgment evidence to which objections are sustained above is excluded from consideration in connection with Plaintiffs' Response to Defendant's No Evidence Motion for Summary Judgment.

Further, after considering Defendant's No Evidence Motion for Summary Judgment, Plaintiffs' Response to Defendant's No Evidence Motion for Summary Judgment and Defendant's Objections to Plaintiffs' Summary Judgment Evidence and Reply to Plaintiffs' Response to No Evidence Motion for Summary Judgment, the Court finds that Defendant's Motion for Summary Judgment should be in all things GRANTED.

It is, therefore, further ORDERED, that Defendant's No Evidence Motion for Summary Judgment is GRANTED.

SIGNED this 14 day of May, 2014.

HONORABLE STARR BAUER

FILED:
18 Day of July 20 14
at 3:25 o'clock P.M at Beeville, Texas
Zenaida Silva
Clerk of the District Court of Bee County, Texas
By
Deputy

{02616224.DOCX / }

129